STATE, *ex rel.* R. G. PITMAN, v. GEORGE A. BARKER, SR., *et al.,* as Board of Public Inst.

157 So. 889.
Opinion Filed December 5, 1934.

*Tilden, Hansen & Anderson* and *George P. Garrett,* for Plaintiff in Error;

*G. B. Fishback* and. *Meguire & Voorhis,* for defendants in error.

PER CURIAM.—This is an application for a constitutional writ under Section 5 of Article V of the State Constitution, and is applied for as an incident to the pendency in this Court of a writ of error prosecuted from a final judgment in a mandamus case brought in the Circuit Court by one R. G. Pitman against the Board of Public Instruction of Orange County to coerce the Board to assign him as principal of the public schools at Ocoee, Florida, for the ensuing scholastic session for which he was recommended by the Trustees of the Tax School District in which the Ocoee schools are located.

·˙ The motion is to the effect that a constitutional writ be issued assigning plaintiff in error temporarily as principal of the Ocoee schools pending the determination of this proceeding in error in order that the situation of the schools at Ocoee may become˙ harmonious, and in order that the

School District may have the benefit of the services of a competent and acceptable principal while this writ of error is pending for determination in the Supreme Court of Florida with the object in view of having the plaintiff in error judicially installed in said schools as such principal.

As grounds for the issuance of the constitutional writ it is alleged that the present condition of schools in Ocoee is deplorable owing to the fact that there is no principal of said schools with authority to act, and in this connection it is pointed out that the Ocoee schools composing a regular grammar and high school are being managed by the janitor of the school building acting under order of the County Board of Public Instruction of Orange County. It is further averred that no principal can be found by the County School Board to take the principalship of the Ocoee schools contrary to the recommendation of the Trustees of the Special Tax School District in which Ocoee schools are located and contrary to the wishes of the student body, parents and teachers therein situate; that two attempts have been made by the School Board to assign a principal other than movant but one refused to take the principalship and the other one resigned for the reason that no one save the relator was able to manage the schools in that district.

We agree with the suggestion of the movant that if the unseemly conflict between the County Board of Public Instruction of Orange County and the Trustees of Special Tax School District No. 6 of that county has brought to pass such a condition of affairs as that pictured in plaintiff in error's motion as grounds for awarding a constitutional writ of the character he seeks, that indeed the school affairs of the Ocoee schools are in a deplorable condition.

However, be that as it may, the remedy for such a situation is not the issuance of a constitutional writ appointing the plaintiff in error as principal of the Ocoee schools for

the period consumed during the consideration of the writ of error in this case by the Supreme Court. Indeed the Supreme Court has no power to make such an appointment as that would be the equivalent of naming a judicial receiver for the public schools of Ocoee District pending the determination of this controversy—an exercise of authority which, if within the scope of the judicial power at all would be so unusual and extraordinary as to compel the judiciary to refrain from ever exercising it except in a most urgent case of extreme necessity.

Section 3 of Article XII of the State Constitution vests the State Board of Education with ample authority to exercise such supervision over the schools as may be necessary to adequately protect the public school interests by appropriately dealing with a situation such as that pictured by the movant during the interim of time that will elapse before this case can be decided.

It follows from what has been said that the motion for the extraordinary writ sought must be denied, but in view of the unusual situation created by the controversy required to be decided on this writ of error, and the consequences which will likely ensue should the case be delayed by having it take its regular course on the docket, it is ordered that this case be advanced for argument and immediate disposition as soon as the briefs in the case have been filed, the clerk to assign the case on the calendar accordingly.

It is so ordered.

Davis, C. J., and Whitfield, Ellis, Terrell, Brown and Buford, J. J., concur.